

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 30, 1947

Hon. T. B. Warden, Member
State Board of Control
Austin, Texas

Opinion No. V-321

Re: Whether the Board of
Control is authorized
under Article 5160,
V. C. S., to accept a
payment bond in lieu
of "satisfactory evi-
dence" that all bills
for labor and materials
furnished the contrac-
tor have been paid.

Dear Sir:

The basis of your request for an opinion is an
interpretation of the last paragraph of Article 5160,
V. C. S., which provides as follows:.

"Provided further that after comple-
tion and acceptance of completed project
all moneys due contractor under said con-
tract shall be held by the State or its
counties or school districts or other sub-
division thereof or any municipality un-
til such a time that satisfactory evidence
is submitted and affidavits made by the
contractor that all just bills for labor
and material under this contract has been
paid in full by the contractor."

According to your letter, you construe the pro-
vision for "satisfactory evidence" to require "receipted
bills" furnished by the contractor to show that the ma-
terials and labor have been fully paid for. You further
say that this interpretation results in hardship upon
numerous contractors because of their inability to fur-
nish receipted bills for every item purchased and which
goes into every project. You give as an example of the
hardship referred to, the following set of facts:

"A contractor purchases and pays for
a car load of cement. The concrete made

from this car load of cement may go into
as many projects as there are sacks of
cement in the car load, and it would there-
fore follow that the contractor would be
required to have as many receipts showing
that the car load of cement had been paid
for. The effect of this requirement has
caused many competent contractors to re-
fuse to bid on any State project."

In connection with the above quoted statute
and related facts, you ask two questions: (1) Whether
it would be possible to take a payment bond executed by
a contractor as principal and a solvent surety company
to protect labor and material man after acceptance of
the completed project. If the payment bond is possible
you ask us to prepare the necessary form for such bond.
(2) In the event the use of a payment bond is an im-
possibility, what is the meaning of the term "satisfac-
tory evidence" as used in the quoted part of the Arti-
cle?

We shall first determine whether in any case
the final payment of funds may be made to the contrac-
tor without his submitting satisfactory evidence and
his making affidavits that all past bills for labor and
material under the contract have been paid in full by
the contractor.

In addition to offering protection to furnish-
ers of labor and materials, this statute has been held
in Republic National Bank & Trust Company v. Massachu-
setts Banking & Trust Company, 68 F (2d) 445, and Frank-
lin Bros. v. Standard Mfg. Company, 78 S. W. (2d) 294,
error dismissed, to operate as additional security for
the surety on the performance bond. In each case the
public body (being the State in the latter case) was
held liable to the surety on the performance bond for
payments made by it on labor and material claims where
final payment was made by the public body to the con-
tractor prior to the time allowed for filing such claims
under Article 5160 and without requiring the contractor
to furnish the required evidence and affidavits of sat-
isfaction of such bills. It therefore appears that the
Board of Control would be acting at its and the State's
peril in releasing the funds under any circumstances
other than as authorized by Article 5160. This it is
not authorized to do. We do not mean to hold that a
payment bond may not also be accepted; but we find no

authority to require it, nor to accept it in lieu of the requirements of Article 5160.

Since we have concluded that a payment bond cannot be substituted for the procedure under Article 5160, this brings us to your question as to the meaning of the term "satisfactory evidence" as used in the quoted section of Article 5160. In Volume 1 of Jones Commentaries on Evidence, pages 25 and 26, "satisfactory evidence" is defined as follows:

> ". . . By satisfactory evidence, which is sometimes called sufficient evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt. The circumstances which will amount to this degree of proof can never be previously defined; the only legal test of which they are susceptible is their sufficiency to satisfy the mind and conscience of a common man; and so to convince him that he would venture to act upon that conviction, in matters of the highest concern and importance to his own interest . . .

> "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind . . ."

While most of the authorities cited speak of "satisfactory evidence" in connection with evidence introduced in litigation, nevertheless, the definitions are to our minds consistent with the standard which should be applied by you in connection with your responsibilities under Article 5160. This same meaning has been expressed many times by the Courts. For a series of such definitions, see Words and Phrases, Volume 38, page 266, et seq.

The meaning of the term "satisfactory evidence" is broad in its scope, and as stated "can never be previously defined." It does not mean one specific kind of evidence as applied to a particular situation; it can mean other kinds of evidence -- any that "satisfies an unprejudiced mind beyond reasonable doubt." Applying these rules to the example stated in your letter, "satisfactory evidence" as used in the statute cannot be confined to a single construction as "receipted

bills." That is straining the rule -- rendering it too inflexible to embrace such situations as you have outlined. This is not to say that receipted bills are not satisfactory evidence. It is, or should be in most instances. But where circumstances are different and unusual, other evidence could be just as desirable and work no hardship upon one who bears the burden of proof. The rule is not made to lax the requirements, but is laid down as a flexible guide under which, with proper and reasonable application under varying circumstances, justice can be obtained,

Under the two decisions first referred to herein, the funds required to be held constitute a trust fund and the liability of the State arises upon a misapplication of such funds, contrary to the statute. Since the term "satisfactory evidence" is not susceptible of exact definition, it necessarily follows that the Board of Control must exercise sound discretion in each situation as it arises.

### SUMMARY

1. A payment bond executed by a contractor operating under the provisions of Article 5160, V. C. S., may not be accepted by the Board of Control in lieu of satisfactory evidence and affidavits that all just bills for labor and materials have been paid.

2. "Satisfactory evidence" of such payment is such evidence as convinces the Board of Control that the obligations for all labor and material have been satisfied by the contractor.

Yours very truly

APPROVED:                    ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL.        By *Charles E. Crenshaw*

                              Charles E. Crenshaw
                                   Assistant.

CEC:jmc